**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IGNACIO GARCIA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:14-CV-357-L** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the standing order of reference filed April 21, 2014 (doc. 19), this case was referred for pretrial management.  Before the Court is the defendant's *Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on Petitioner's Motion for Return of Property*, filed April 18, 2014 (doc. 14).  Based on the relevant filings and applicable law, the motion for summary judgment should be **GRANTED**.

## I.  BACKGROUND

On June 19, 2013, Ignacio Garcia (Plaintiff) was charged by indictment with conspiracy to transport illegal aliens, transporting illegal aliens, and illegal reentry after deportation.  (*See* 3:13-CR-0229-L, doc. 1.)  Prior to his indictment, currency in the amount of $1,801, an HP laptop, a Cannicks stun gun, and miscellaneous documents were seized from him and remitted to U.S. Immigration and Customs Enforcement (ICE).  (*See* 3:14-CV-357-L, doc. 16 at 7.)[1]  It turned the cash over to Customs and Border Protection Fines, Penalties and Forfeiture on June 14, 2013, for initiation of administrative forfeiture proceedings.  (*Id.*)

Plaintiff entered a plea of guilty pursuant to a plea agreement, it was accepted by the Court, and he was convicted of the charges in the indictment on July 31, 2013.  (*See* 3:13-CR-0229-L, docs.

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page.

19-20, 26, 31.)

On August 8, 2013, a United States Customs and Border Protection Fines, Penalties, and Forfeiture Officer sent Plaintiff a seizure notice regarding the $1,801 in cash. (*See* 3:14-CV-357-L, doc. 16 at 5.) Plaintiff returned an Election of Proceedings and Seized Asset Claim Form, which identified his address as 1721 Shasta Ct., Modesto, CA 95358. (*Id.* at 19.) On September 26, 2013, the officer sent Plaintiff a letter at the address he had stated, notifying him that the claim form he had submitted was deficient, and that he had fifteen days to cure it. (*Id.* at 5; doc. 22 at 5.) He failed to respond. (*Id.*) "A Notice of Seizure and Intent to Forfeit was posted for three consecutive weeks from 9/20/13 to 10/20/13, on the Department of Justice's website, . . . which is the standard process for Customs and Border Protection[.]" (*Id.*) Because Plaintiff never responded, it administratively forfeited the cash on November 20, 2013. (*Id.*)

On January 14, 2014, the Court sentenced Plaintiff to a term of imprisonment of 46 months, to be followed by one year of supervised release. (*See* 3:13-CR-0229-L, docs. 36-37.) His attorney requested that ICE release the laptop, stun gun, and documents and identified an authorized representative who could retrieve the property, and ICE released the property on that same date. (*See* 3:14-CV-357-L, doc. 16 at 7-8.)

On January 27, 2014, Plaintiff filed a motion for return of property under Rule 41(g) of the Federal Rule of Criminal Procedure in his criminal case. (*See* 3:13-CR-0229-L, doc. 42.) He sought to recover a 1996 RV Fleetwood, $1,800 in cash, two pairs of running shoes, one stereo system, one car jack, some tools, and clothing. (*Id.*) Because his criminal case had already concluded, on January 29, 2014, Plaintiff's motion was construed as a new civil action for the return of property under the court's general equity jurisdiction. (*Id.*, doc. 45.)

On April 18, 2014, the United States of America (Defendant) moved to dismiss the new civil

action, or in the alternative, for summary judgment.  (*See* 3:14-CV-357-L, doc. 15.)  Plaintiff filed

a response on May 13, 2014 (*id.*, doc. 21), and Defendant filed a reply brief on May 27, 2014 (*id.*,

doc. 24).  The motion is ripe for determination.

## II.  MOTION TO DISMISS - RULE 12(b)(1)

Although Defendant moves to dismiss Plaintiff's complaint, it does not expressly state the

basis for its motion to dismiss.  (*See* docs. 14, 15.)  It argues that the doctrine of sovereign immunity

bars any claim against it for money damages.  (*See* doc. 15 at 5.)  Because this argument implicates

subject matter jurisdiction over this action, the motion is addressed under Rule 12(b)(1).

**A.**      **Rule 12(b)(1) Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges

a federal court's subject matter jurisdiction.  *See* Fed.R.Civ.P. 12(b)(1).  Federal courts are courts

of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the

power to adjudicate claims.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)

(citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the

burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v.

Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the

complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981).  A motion to dismiss based on the

complaint alone presents a "facial attack" that requires the court to merely decide whether the

allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject

matter jurisdiction.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1998).  "If sufficient, those allegations alone provide jurisdiction."  *Id.*  Facial attacks are usually made early in the proceedings.  *Id.*  Where the defendant supports the motion with evidence, the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Williamson*, 645 F.2d at 413.  A factual attack may occur at any stage of the proceedings.  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980).  Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001) (per curiam).

In this case, Defendant has attached an appendix in support of its motion to dismiss.  (Doc. 16.)  The appendix includes two declarations and documents relating to the administrative forfeiture.  (*See* doc. 16 at 4-25.)  The motion therefore represents a factual attack on the complaint, and no presumption of truth attaches to Plaintiff's factual allegations.  Because Plaintiff does not contest Defendant's proffered evidence, but only challenges the adequacy of the notice of forfeiture, there are no disputed facts to resolve.

## B.      Sovereign Immunity

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."  *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Since federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed.  *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir.2009).  The terms of the consent or waiver define the jurisdictional boundaries to entertain the suit.  *Meyer*, 510 U.S. at 475.  In general, the scope of a

waiver of sovereign immunity is strictly construed "in favor of the sovereign." *Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008). Plaintiff has the burden to show an "unequivocal waiver of sovereign immunity." *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir.2009).

Here, Plaintiff fails to show a waiver of sovereign immunity. "The Fifth Circuit determined that Rule 41[2] does not expressly allow for monetary damages and declined to 'read into the statute' any waiver of sovereign immunity." *Ezenwa v. United States*, No. Civ. A. H-04-3379, 2005 WL 3312622, at *3 (S.D. Tex. Dec. 6, 2005) (quoting *Peña v. United States*, 157 F.3d 984, 986 (5th Cir. 1998)). Under the doctrine of sovereign immunity, money damages against the United States on return of property claims are prohibited. *See Peña*, 157 F.3d at 986; *see also Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004) ("[E]quitable jurisdiction does not permit courts to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return. Such monetary awards are barred by sovereign immunity."). To the extent that Plaintiff asserts a claim against the United States for money damages for any loss of his property, the Court lacks jurisdiction over the claim based on the doctrine of sovereign immunity. *See Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007); *Peña*, 157 F.3d at 986.

### III.  MOTION TO DISMISS - RULE 12(b)(6)

To the extent that Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(6), Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the pleadings.

---

[2]  Because this is a converted civil case arising from Federal Rule of Criminal Procedure 41, courts look at the language of Rule 41 to determine whether there is an "unequivocal waiver of sovereign immunity." *See Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007); *Peña v. United States*, 157 F.3d 984, 986 (5th Cir. 1998); *Daniels v. United States*, No. 3-01-CV-322-G, 2001 WL 912382, at *2 (N.D. Tex. Aug. 9, 2001).

*Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are [also] considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). Lastly, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Here, Defendant submits two declarations regarding the disposition of the property as well documents relating to the administrative forfeiture in support of its Rule 12(b)(6) motion. Because the documents are neither attached or referred to in Plaintiff's complaint, and they are not matters of public record, the documents are matters outside of the pleadings. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). Because consideration of the documents will facilitate a determination of the issue, the Court exercises its discretion to accept them.

Where "matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56", and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R.

Civ. P. 12(d).  Rule 12(d) requires only that the non-movant be given notice that "the district court *could* treat the motion as one for summary judgment, not [whether] the court *would* in fact do so." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir.1990) (citing *Isquith,* 847 F.2d at 193). "A non-moving party receives adequate notice when it is aware that the movant has placed matters outside the pleadings before the district court for its review."  *Guiles v. Tarrant County Bail Bond Bd.*, 456 Fed. App'x 485, 487 (5th Cir. Jan. 5, 2012).  Courts have also found that the framing of a motion to dismiss in the alternative as one for summary judgment provides adequate notice for purposes of Rule 12(d).  *See Tremont LLC v. Halliburton Energy Services, Inc.*, 696 F.Supp.2d 741, 853 (S.D. Tex. 2010) (citations omitted); *Al-Juburi v. Chertoff*, 3:06-CV-1270-D, 2007 WL 2285964, *4 (N.D. Tex. Aug. 9, 2007).

Defendant placed matters outside of the pleadings before the Court for its review by attaching evidence to its motion, and it framed its motion in the alternative as one for summary judgment.  Plaintiff had an opportunity to respond to the motion and submitted his own evidence in response, so he is not prejudiced by conversion of the motion into one for summary judgment.  *See Williams v. Potter*, 3:07-CV-1255-L, 2008 WL 1848458, *5 n. 1 (N.D. Tex. Apr. 23, 2008) (finding no prejudice where the non-movant had an opportunity to respond and also filed documents with her response to the motion to dismiss).  Accordingly, the Court finds that Plaintiff has received the required notice under Rule 12(d),[3] and Defendant's motion is therefore converted to a motion for summary judgment under Rule 56.

---

[3] The fourteen-day period for objection to this recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) also provides the requisite notice that the Court has accepted matters outside the pleadings for consideration and that the motion to dismiss is being considered as a motion for summary judgment. *See Goss v. American Elec. Power*, No. 07-CV-2070, 2008 WL 2051761, at *2 (W.D. La. Apr. 15, 2008).

### III. MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment on Plaintiff's return of property claim, contending that $1,801 in cash was forfeited, and the remaining items were never remitted to it.  (Doc. 15 at 1.)

## A.      <u>Summary Judgment Standard</u>

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2).  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Id.*  Typically, a movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists.  Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 324.  To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor.  *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id.* at 255, neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's

summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a pro se plaintiff. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir.2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.1994)).

**B.      Cash**

Defendant asserts that it is entitled to summary judgment on Plaintiff's claim for return of the $1,801 in currency because the cash was administratively forfeited. (Doc. 15 at 4-5.)

"When the government seizes property valued at less than $500,000 or any monetary instrument, it may use administrative forfeiture procedures, but must provide notice before forfeiting the property or money." *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005). The notice requirement is satisfied if the government publishes notice of the administrative forfeiture and sends written notice to any party "who appears to have an interest in the seized article." *Kadonsky v. United States*, 216 F.3d 499, 503 (5th Cir. 2000); *see* 19 U.S.C. § 1607(a). Those who receive the notice "have twenty days to file a claim to the property." *Kadonsky*, 216 F.3d at 503; *see* 19 U.S.C.

§ 1608.  If no interested party files a claim, "the property is summarily forfeited to the government."

*Robinson*, 434 F.3d at 362.

"Once an administrative forfeiture is complete, a district court may review only 'whether the forfeiture comported with constitutional due process guarantees.'"  *Id.* (quoting *Kadonsky*, 216 F.3d at 506).

> If a party with an interest in forfeited funds failed to receive constitutionally adequate notice, the administrative forfeiture is void and must be vacated. Due process requires that the notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [forfeiture] action and afford them an opportunity to present their objections.

*Id.* (internal quotation marks and citations omitted).  Actual notice is not required.  *Conard v. United States*, 470 F. App'x 336, 339 (5th Cir. 2012) (citing *Dusenbery v. United States*, 534 U.S. 161, 170 (2002)); *Bailey*, 508 F.3d at 738-39.  The government "is not required to undertake heroic efforts," only efforts that are "reasonably calculated to provide notice."  *Conard*, 470 F. App'x at 339 (citing *Taylor v. United States*, 483 F.3d 385, 388 (5th Cir.2007) (internal quotation marks omitted)).

Here, Defendant has proffered evidence that it sent Plaintiff a seizure notice, that he responded with a deficient claim form and provided an address, that it sent him a letter detailing the deficiency in his form at that address, and that he failed to respond.  (*See* doc. 16.)  It also provided evidence to show that a Notice of Seizure and Intent to Forfeit was posted for three consecutive weeks pursuant to the standard process for Customs and Border Protection.  (*Id.*)  Because Plaintiff never responded, it summarily administratively forfeited the cash on November 20, 2013.  (*Id.*)  Defendant has met its summary judgment burden.

The burden now shifts to Plaintiff to identify evidence in the record raising a genuine issue of material fact.  He does not refute Defendant's summary judgment evidence showing that (1) its written notices were calculated to provide him notice, (2) he actually received notice, (3) the notice

regarding the deficiency of his claim form was sent to the address he provided, and (4) the notice

was properly published.  He argues that he never received the second letter regarding the deficiency

in  his claim form, but he points to no competent summary judgment evidence in the record to show

that he actually did not receive that letter.  His bare assertion is not enough to create a genuine issue

of material fact regarding whether Defendant's actions were reasonably calculated to give him notice

of the forfeiture, or that there was a due process violation arising from the forfeiture.  *See Bailey*,

508 F.3d at 739; *see also Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 17 F.3d 164, 167 (5th

Cir. 1999) (a plaintiff's "unsubstantiated assertion" that he never received the notice of deficiency

is "not competent summary judgment evidence.").  "Although pro se litigants are not held to the

same standards of compliance with formal or technical pleading rules applied to attorneys, [courts]

have never allowed such litigants to oppose summary judgments by the use of unsworn materials."

*Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (per curiam).  Even if Plaintiff's assertion is

taken as true, however, the fact that the letter of deficiency was mailed to the address he provided

in his claim form is sufficient to show that it was reasonably calculated to apprise him of the

forfeiture.  *See United States v. Bacon*, 546 F. App'x 496, 500-01 (5th Cir. 2013).

Plaintiff has not identified a genuine issue of material fact regarding whether Defendant

followed the necessary steps to send notice in a manner that generally satisfies due process notice

requirements, and it is entitled to summary judgment on this claim.

**C.**     **Remaining Property**

Defendant asserts that it is entitled to summary judgment on Plaintiff's claim for his

remaining personal property because it never had possession of it.  (docs. 15 at 4; 24 at 1.)

According to the declaration of the Seized Property Specialist, the remaining  items seized

from Plaintiff and remitted to ICE custody were a laptop, a gun, and miscellaneous documents, and it released those items at counsel's request on the date of Plaintiff's sentencing.  (Doc. 16 at 7.)  By providing the declaration, Defendant has met its summary judgment burden that it was never in possession of the property.

The burden now shifts to Plaintiff to provide evidence that Defendant possessed the property he seeks.  He merely responds that since the Rockwall Police Department took possession of his RV, by default, Defendant took possession of the property.  (Doc. 21 at 3-4.)  He has failed to identify a genuine issue of fact concerning the Defendant's possession of the property.

"[T]he government cannot return property it does not possess[.]"  *Bailey*, 508 F.3d at 740. Because Plaintiff failed to identify a genuine issue of material fact concerning Defendant's possession of the property he seeks to have returned, Defendant's motion for summary judgment should be granted.  *See Jaramillo-Gonzalez v. United States*, 397 F. App'x 978, 981 (5th Cir. Oct.20, 2010) (affirming grant of summary judgment where the plaintiff sought return of property that had been destroyed); *Bailey*, 508 F.3d at 740 (stating that a motion for return of property should be denied if the district court found that the government no longer possesses the property); *Peña v. United States*, 157 F.3d 984, 987 (5th Cir. 1998) (finding that Rule 41 motion for return of property that had been destroyed was properly denied).

### IV. OPPORTUNITY TO AMEND

The Fifth Circuit has held that where a plaintiff seeks the return of property that has been destroyed, he may then seek monetary damages for the destroyed property pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which provides for an action for monetary damages against a federal official or officials for the alleged violation of a person's constitutional rights.  *See*

*Jaramillo-Gonzalez*, 397 F. App'x at 981.  Where facts necessary for a *Bivens* claim exist, a plaintiff should be given an opportunity to amend his complaint.  *See Peña*, 157 F.3d at 987 & n. 3 (noting that because a dismissal of the Rule 41(g) claim by a pro se party under sovereign immunity functions the same as the disfavored dismissal of a pro se complaint under Rule 12(b)(6), "a court should grant a pro se party every reasonable opportunity to amend.").

Here, there is no evidence that Defendant destroyed Plaintiff's property.  Both parties acknowledge that Defendant or its officials administratively forfeited the cash and never possessed the additional personal property sought by Plaintiff.  (*See* docs. 15, 21, 24.)  As there is no evidence of a constitutional violation, e.g., destroyed property, by a federal official, there is no cognizable *Bivens* claim that Plaintiff may amend his complaint to assert.

Nor is there a cognizable federal claim that Plaintiff may assert against the Rockwall Police Department who seized Plaintiff's RV.  A civil rights action under 42 U.S.C. § 1983 is the counterpart to a *Bivens* action and extends to parties injured by state actors.  *See Carlson v. Green*, 446 U.S. 14, 18 (1980).  Section 1983 "provides a federal cause of action for deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  Whether intentional or negligent, however, "random and unauthorized" deprivation of property neither violates the Constitution nor states a claim under § 1983 when adequate state post-deprivation remedies are available.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Texas law provides adequate state post-deprivation remedies, including a state action against the state actor for the Texas tort of conversion.  *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir.2009) (citing *Murphy v. Collins*, 26 F.3d

541, 543–44 (5th Cir.1994)).  Because Plaintiff has available state post-deprivation remedies, any § 1983 claim against the Rockwall Police Department would be subject to dismissal for failure to state a claim under Rule 12(b)(6).  *See Humphries v. County of Dekalb*, 165 F.3d 24 (5th Cir.1998) (unpublished) ("Although pro se plaintiffs are generally given 'every reasonable opportunity to amend' their pleadings, that is unnecessary when the opportunity would be futile." (citation omitted)); *Briggs v. Miss.*, 331 F.2d 499, 508 (5th Cir.2003) (stating that an amendment would be futile if such amended complaint "could not survive a Fed.R.Civ.P. 12(b)(6) motion[.]").  No opportunity to amend to add this claim is therefore warranted.

## V. RECOMMENDATION

The United States's motion for summary judgment should be **GRANTED**, and the case should be **DISMISSED with prejudice**.

**SO RECOMMENDED on this 30th day of January, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

15